Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
First Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>LORAN THOMAS BACON,<br><br>                Defendant. | Case No.: 2:22-CR-00083-TOR-1<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through United States Attorney Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and First Assistant United States Attorney Richard R. Barker, submits the following sentencing memorandum. For the reasons set forth below, and consistent with the parties' Plea Agreement, the United States respectfully seeks no more than the low end of the applicable guidelines range to be followed by three years of supervised release.

## STATEMENT OF FACTS

As set forth in the Presentence Investigation Report (ECF No. 100) and the parties' Plea Agreement (ECF No. 98), on March 9, 2019, Defendants Bacon and McClure passed two $50 counterfeit Federal Reserve Notes (FRNs) at the Super

Government's Sentencing Memorandum - 1

Wash Laundromat located at 1632 West 2nd Avenue in Spokane. The clerk who received the counterfeit notes identified both Bacon and McClure, who were together, as the individuals who passed the notes from the surveillance video at the Super Wash Laundromat. In subsequent statements to law enforcement, both McClure and Bacon admitted to passing counterfeit notes. Additionally, on March 8, 2019, Bacon passed a $50 counterfeit FRN at the Denny's Restaurant at 2022 Argonne Road in Spokane. ECF No. 100, ¶ 13. Days later, on March 11, 2019, Bacon passed a $50 counterfeit FRN at Bloem Flowers Chocolate Paperie. *Id*. at ¶ 17. On April 5, 2019, Bacon passed another $50 counterfeit FRN at Freeman Store in Valleyford, Washington. *Id*. at ¶ 21. On April 10, 2019, Bacon passed a $50 counterfeit FRN at Jarms Ace Hardware in Cheney, Washington. *Id*. at ¶ 22. In total, Bacon caused at least $450 in known loss to a variety of businesses. *Id*. at ¶ 28.

## SENTENCING CALCULATIONS

The government agrees with United States Probation that Defendant's total offense level is 7, Criminal History Category is VI, and guideline range is 15–21 months. ECF No. 100, ¶ 230.

## SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The circumstances of the offense involve Defendant's intentional victimization of an innocent party by using counterfeit currency. While the offense conduct itself is less serious than many criminal acts charged in this District, Defendant's conduct has contributed to an epidemic of property crime in our community.

As is common in many counterfeit cases referred by the U.S. Secret Service to the United States Attorney's Office, Defendant's counterfeiting activities largely coincide with drug addiction. That addiction plainly manifest itself when Defendant

Government's Sentencing Memorandum - 2

was released into treatment but tested positive for drug use shortly after. ECF No. 100, ¶ 6. Additionally, Defendant has been unemployed for several years and gets social security disability for mental health reasons. *Id*. at ¶ 244. Recently, Defendant has been stressed about paying rent because a family member has been stealing his social security to fund their addiction. *Id*. at ¶ 217. However, Defendant has since re-engaged in treatment through Indian Services, enrolled Spokane Community College with the hopes of becoming a substance abuse counselor, and has largely complied with the conditions of his release, including drug testing. *Id*. at ¶ 6, 222, 223. On this evidentiary record, and coupled with Defendant's early acceptance of responsibly, the United States recognizes that there may be a sufficient basis for a downward adjustment. As U.S. Probation has noted,

> The Court may wish to consider the defendant's overall compliance on pretrial supervision thus far, and the very small amount of loss discovered in this case, when fashioning an appropriate sentence. The Court may also wish to consider the defendant's criminal history score which is nearly triple what is required to reach criminal history category VI, although most of his offense are financial and driving offenses.

*Id*. at ¶ 255. On this record, a below-guidelines sentence may be appropriate given Defendant's compliance with his pretrial release and the evidentiary record indicating the criminal activity in this case occurred several years ago. *See id.*

    2. <u>The need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment, and promote respect for the law.</u>

Because Defendant's offense conduct was non-violent and led to a relatively small monetary loss by various businesses, a lengthy term of custody is not necessary in this case. Rather, a relatively short period of custody, if necessary, followed by three years of supervised release, with the accompanying restrictive conditions, is appropriate to reflect the seriousness of the offense and to provide just punishment for Defendant's conduct.

//

Moreover, considering Defendant's criminal record and history of drug abuse (*See* ECF Nos. 100 at 71-150), a three-year period of supervision will require sacrifice and effort from Defendant. In this regard, supervised release, coupled with the prospect of incarceration should Defendant fail to comply with his release conditions, is necessary for Defendant to demonstrate respect for the law.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of Defendant</u>

Deterrence will be difficult in this case given Defendant's criminal history. However, Defendant has largely complied with conditions of release and treatment since reenrolling in drug treatment. *Id*. at ¶ 6. Furthermore, Defendant has engaged in proactive efforts by enrolling in college with the hope of helping others and "giv[ing] back" to the community. *Id*. at ¶ 223. The government is hopeful Defendant will be motivated to overcome adversity in a lawful manner, given he will swiftly face consequences if he does not comply with his release conditions. Ultimately, a limited period of custody (if necessary) and three years of supervision should provide Defendant with the resources appropriate for him to move forward.

4. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.</u>

The Guidelines ensure consistent sentences for similarly situated defendants across courtrooms, districts, and the country. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007). In this case, Defendant's guideline range is 15-21 months. Here, a sentence of no more than 15 months, followed by 3 years of supervised release is appropriate guideline range for the Defendant. As noted above, and based on the unique circumstances of this case, a below guidelines sentence may also be sufficient, but not greater than necessary, to protect the community and satisfy the remaining factors under 18 U.S.C. § 3553(a).

//

//

**GOVERNMENT'S SENTENCING RECOMMENDATION**

The United States requests a sentence of no more than 15 months incarceration to be followed by 3 years of supervised release.

Respectfully submitted this 2nd day of August, 2023.

        Vanessa R. Waldref
        United States Attorney

        *s/ Richard R. Barker*
        Richard R. Barker
        First Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to counsel of record.

*s/ Richard R. Barker*
Richard R. Barker
First Assistant United States Attorney
